1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   v.<br><br>ABRAHAM AGUIRRE,<br><br>       Defendant. | Case No.  1:21-mj-00094-SAB<br><br>ORDER DENYING DEFENDANT'S MOTION TO STAY SENTENCE PENDING APPEAL<br><br>(ECF Nos. 58, 60, 61) |

Pending before the Court is Abraham Aguirre's ("Defendant") motion to stay execution of his sentence pending appeal of that sentence to the assigned district judge, filed May 14, 2024. (ECF No. 58.)   For the reasons discussed herein, Defendant's motion to stay the execution of his sentence pending appeal shall be denied.

## I.

## BACKGROUND

On September 14, 2021, a criminal complaint was filed against Defendant in this action charging three Class B misdemeanor violations: unsafe operation of a motor vehicle in violation of 36 C.F.R. § 4.22(b)(3); operating a motor vehicle while under the influence of alcohol or drugs or any combination thereof in violation of 36 C.F.R. § 4.23(a)(1); and operating a motor vehicle with a blood alcohol content ("BAC") equal to or greater than 0.08 grams of alcohol per

1   100 milliliters of blood in violation of 36 C.F.R § 4.23(a)(2).  (Compl. 1, [1] ECF No. 1.)

2        According to the criminal complaint, the offense occurred on July 11, 2021, in the

3   Eastern District of California when the defendant's vehicle was observed stuck off the roadway

4   near Potwisha Grade on the Generals Highway.  (Compl. 1-2.)  Upon being dispatched to the

5   site, Ranger Cloutier observed two individuals standing off the roadway near the vehicle.  The

6   vehicle was resting on its undercarriage and was unable to move.  Defendant stated that he had

7   been driving the vehicle and was attempting to turn around in the roadway when he backed over

8   the edge.  The officer could smell the odor of alcoholic beverages from the open windows of the

9   vehicle and observed open containers of alcohol in the vehicle.  Upon being asked if he had been

10  drinking alcohol prior to the incident, Defendant stated that he had consumed "3 to 4 beers."

11  Ranger Cloutier noticed that Defendant's speech was slurred, and his breath smelled of alcohol.

12  Defendant was asked to perform Standardized Field Sobriety Tests to determine his fitness to

13  operate a vehicle and he consented.  (Compl. 2.)  Defendant consented to a blood draw and the

14  toxicology report returned stating that Defendant's BAC was .10 grams of alcohol per 100

15  milliliters of blood (in excess of the legal BAC limit for operating a vehicle of 0.08) at the time

16  of the blood draw.  (Id., 3.)

17       Defendant made his initial appearance in this Court on October 21, 2021, during which

18  he was advised of his rights and the charge and maximum penalties.  (ECF No. 4.)  Defendant

19  waived the reading of the charges against him, was deemed eligible for the appointment of

20  counsel, was appointed counsel through the Office of Federal Defender, and entered a not guilty

21  plea.  (Id.)

22       The Court conducted a bench trial on January 12, 2024.  (ECF No. 50.)  Ranger Roberto

23  Cueva, Ranger Ryan Cloutier, Toxicologist Eduardo Ruvalcaba, and Dr. Michael Darracq

24  testified for the Government.  Twenty-one exhibits, including the stipulated testimony of

25  Phlebotomist Lisa Torres Garray, were entered into evidence.  Stanley Dorrence, an expert in

26  alcohol related field tests, testified for Defendant.  At the conclusion of the trial, the matter was

27

28  [1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1   taken under submission and a verdict hearing was set for February 15, 2024.  (Id.)

2         On February 15, 2024, a verdict hearing was held.  The Court found Defendant guilty of

3   all three counts in the complaint.  The matter was referred to the Probation Department for a

4   criminal history report.  (ECF No. 52.)   The criminal history report was filed on March 20,

5   2024.  (ECF No. 53.)

6         A sentencing hearing was held on April 18, 2024, and judgment was entered.  The Court

7   sentenced Defendant to twenty-four months of unsupervised probation, to expire on April 18,

8   2026.  As part of the conditions of probation, Defendant was sentenced on counts one and three

9   to 10 days custody with count one running concurrently to count three; a total special assessment

10  of $20.00; and to enroll in and complete the Multi-Offender DUI Program.  At the request of the

11  United States, Defendant was not sentenced on count two.  (ECF Nos. 54, 55.)

12        During the sentencing hearing, the Court asked defense counsel for a self-surrender date.

13  In response, defense counsel requested thirty days and that Defendant be allowed to self-

14  surrender in Bakersfield, California.  Considering this request, the Court ordered that Defendant

15  shall self-surrender to the Office of the United States Marshal at 510 19th St., Bakersfield,

16  California 93301, no later than 10:00 a.m. on May 24, 2024.  As to the Multi-Offender DUI

17  Program, with the input of defense counsel, Defendant was ordered to enroll by June 30, 2024,

18  and complete the Program by January 30, 2026.

19        On May 1, 2024, Defendant filed a timely notice of appeal of the magistrate judge's

20  decision.  (ECF No. 56.)  On May 14, 2024, Defendant filed the instant motion to stay the

21  sentence pending resolution of the appeal.  (ECF No. 58.)  On May 16, 2024, the United States

22  filed an opposition to the motion to stay.  (ECF No. 60.)  On May 17, 2024, Defendant filed a

23  reply.  (ECF No. 61.)

24  **II.**

25  **LEGAL STANDARD**

26        Under Rule 38(d) of the Federal Rules of Criminal Procedure, the Court may stay a

27  sentence of probation if the defendant files an appeal.  However, "a stay 'is not a matter of right,

28  even if irreparable injury might otherwise result.' "  Nken v. Holder, 556 U.S. 418, 432 (2009)

1  (quoting <u>Virginian R. Co. v. United States</u>, 272 U.S. 658, 672 (1926)); <u>Al Otro Lado v. Wolf</u>,

2  952 F.3d 999, 1006 (9th Cir. 2020).   It is within the discretion of the court to exercise its

3  discretion as to the stay and the burden is on the party seeking the stay to show that the

4  circumstances justify the exercise of discretion.   <u>Nken</u>, 556 U.S. at 433-34; <u>Al Otro Lado</u>, 952

5  F.3d at 1006.

6      In determining whether to issue a stay, the court considers (1) whether the party seeking

7  the stay has made a strong showing that he is likely to succeed on the merits; (2) whether the

8  party seeking the stay will be irreparably injured absent a stay; (3) whether the other parties

9  interested in the proceeding will be injured by the issuance of the stay; and (4) weighing the

10  public interest.  <u>Nken</u>, 556 U.S. at 434; <u>Al Otro Lado</u>, 952 F.3d at 1006.  "The first two factors

11  are the most critical[, and] [t]he likelihood of succeeding on the merits must be more than a mere

12  possibility of relief and . . . some possibility of irreparable injury.  <u>Nken</u>, 556 U.S. at 434; <u>Al</u>

13  <u>Otro Lado</u>, 952 F.3d at 1006-07; <u>United States v. Mitchell</u>, 971 F.3d 993, 996 (9th Cir. 2020).

14  <u>Nken</u> raised the irreparable harm threshold and "a proper showing regarding irreparable harm

15  was, and remains, a necessary but not sufficient condition for the exercise of judicial discretion

16  to issue a stay." <u>Leiva-Perez v. Holder</u>, 640 F.3d 962, 965 (9th Cir. 2011).  To justify a stay the

17  moving party must at a minimum show that he has a substantial case for relief on the merits, and

18  that irreparable harm is probable if the stay is not granted.  <u>Leiva-Perez</u>, 640 F.3d at 968.

19  The last two factors merge when the Government is the opposing party and in considering them

20  the court must be mindful that the Government's role does not make the public interest

21  negligible.  <u>Nken</u>, 556 U.S. at 434; <u>Leiva-Perez</u>, 640 F.3d at 968.  A sliding scale approach is

22  used on stays pending appeal and a stronger showing on one of the elements may offset a weaker

23  showing on another.  <u>Al Otro Lado</u>, 952 F.3d at 1007.  The Ninth Circuit has held that the party

24  seeking the stay "must show that irreparable harm is probable and either: (a) a strong likelihood

25  of success on the merits and that the public interest does not weigh heavily against a stay; or (b)

26  a substantial case on the merits and that the balance of hardships tips sharply in the [movant's]

27  favor." <u>Leiva-Perez</u>, 640 F.3d at 970.

28  ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III.

## DISCUSSION

**A.    Likelihood of Success on the Merits**

Defendant argues that he clearly meets the standard to stay this action because there is a substantial question as to whether the evidence at trial was sufficient to support his conviction and there is a substantial question as to whether his sentence was substantively reasonable. (Mot. 3.)  The Government responds that Defendant has not even attempted to demonstrate that he has a reasonable probability or fair prospect of success on the merits of his request for a stay. The Government contends that Defendant has not provided any argument in support of the assertion that a substantial question has been raised, but merely assumed the required conclusion which is insufficient to meet his burden.  (Opp. 4.)  Defendant replies that Nken does not require him to brief the merits of the case in depth nor does it require the court to adjudicate the issues on appeal.  (Reply 3-4.)  Defendant contends that the party requesting the stay may articulate the minimum quantum of likely success necessary to justify the stay including by showing a substantial case on the merits.  Defendant states that he has argued the elements necessary to obtain a stay pending appeal.  (Reply 4.)

The Ninth Circuit has noted "[t]here are many ways to articulate the minimum quantum of likely success necessary to justify a stay—be it a 'reasonable probability' or 'fair prospect,' ... 'a substantial case on the merits,' ... [or] that "serious legal questions are raised."  Leiva-Perez, 640 F.3d at 967–68 (citations omitted) ("We think these formulations are essentially interchangeable, and that none of them demand a showing that success is more likely than not."). "Regardless of how one expresses the requirement, the idea is that in order to justify a stay, a petitioner must show, at a minimum, that she has a substantial case for relief on the merits."  Id.

Defendant argues that there is a substantial question of whether the evidence at trial was sufficient to support his conviction, but he has not identified in his moving papers any question of law or fact that he intends to present on appeal, let alone any issue that he argues presents a "substantial question".  Rather, Defendant has merely asserted a conclusory statement implying

1    that the evidence at trial was insufficient to support the conviction and the sentence imposed is

2    substantially unreasonable.  (Mot. 2.)

3         To justify a stay, Defendant must demonstrate a probability of success on the merits or

4    that serious legal questions are raised.  Leiva-Perez, 640 F.3d at 966 (citing Abbassi v. INS, 143

5    F.3d 513 (9th Cir.1998)).  In his reply, Defendant asserts that he has met the standard of arguing

6    that a substantial question exists, however, he has not identified the basis of either the lack of

7    evidence at trial or why the sentence imposed is substantially unreasonable.  It is not a question

8    of this court adjudicating the underlying issues, but whether Defendant's motion has raised a

9    substantial question.  Such conclusory allegations are insufficient for Defendant to meet his

10   burden of establishing a strong likelihood of success on the merits or that serious legal questions

11   are raised in the appeal.  The Court finds that Defendant has not met his burden of demonstrating

12   a substantial case for relief on the merits.

13        **A.    Irreparable Injury**

14        Defendant argues irreparable injury by requiring him to enroll in the Multi-Offender DUI

15   program prior to the decision on his appeal.  (Mot. 3.)  The Government responds that

16   Defendant's reliance on the probation condition relating to custody is misguided as it was a self-

17   inflicted injury and as such is not irreparable.  (Opp. 4.)  The Government contends that since

18   Defendant was given the option of when to self-surrender and only asked for thirty days from the

19   date of the hearing, he cannot now rely on speculation that a request for more time would have

20   been denied to argue irreparable injury.  (Opp. 4-5.)  Further, the Government asserts that

21   Defendant cannot show irreparable injury based on the initiation of the Multi-Offender DUI

22   Program because he has not provided any facts or evidence as to the program despite bearing the

23   burden on this motion.  The Government contends that again Defendant merely states his desired

24   conclusion, but that rather than being self-evident, the expenditure of money and some small

25   amount of time is not enough to show irreparable injury.  (Opp. 5.)

26        Defendant replies that he will indisputably suffer irreparable harm by being required to

27   spend ten days in jail and pay hundreds of dollars in fees for the DUI course before briefing in

28   this appeal has concluded.  (Reply 1.)  Defendant argues that while the Government suggests that

he should have sought different dates at sentencing, the filing of the notice of appeal changed the circumstances of this case from those on the date sentencing.  (Reply 1-2.)  Defendant contends that in the absence of an existing appeal it would have been unreasonable to request a later enrollment date or request a later self-surrender date.  Further, Defendant argues that there is no merit to the argument that a notice of appeal should have been filed earlier because the due dates would still have stretched into July and a stay would have been necessary to avoid irreparable harm.  (Reply 2.)

Defendant contends that expending time and money for the 18-month DUI class during the pendency of this appeal is a harm to him.  Defendant argues that this court has previously granted in part a defendant's request for a stay where the defendant argued he had limited means to pay a fine, and while that fine could be reimbursed, the fee for the DUI class could not.  (Reply 3.)

In his reply, Defendant cites to cases in which the court granted a stay arguing that the motion was granted solely on the irreparable harm that would occur absent a stay.  While Defendant argues that irreparable injury should be sufficient to grant the motion to stay, Nken raised the irreparable harm threshold and "a proper showing regarding irreparable harm was, and remains, a necessary but not sufficient condition for the exercise of judicial discretion to issue a stay." Leiva-Perez, 640 F.3d at 965.

Defendant argues that the cases cited by the Government, Al Otro Lado, 952 F.3d 999, 1008 (9th Cir. 2020) and Hernandez v. Sessions, 872 F.3d 976, 995-96 (9th Cir 2017), stand for the proposition that the expenditure of time and resources by the government is minimal harm to the Government, and do not stand for the proposition that the expenditure of time and resources by an indigent criminal defendant is not important evidence of harm.  As cited by the Government, Al Otro Lado stated,

> We are dubious that taking the time necessary to make fairly simple factual determinations for a few months constitutes the sort of irreparable harm that can support the grant of a stay pending appeal.  "The key word in this consideration is irreparable.  Mere injuries, however substantial, in terms of money, time and energy necessarily expended ... are not enough." Sampson v. Murray, 415 U.S. 61, 90, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974) (quoting Virginia Petroleum Jobbers Ass'n v. Fed. Power Comm'n, 259 F.2d 921, 925 (D.C. Cir. 1958)).

1  Al Otro Lado, 952 F.3d at 1008.  While Defendant argues that the expenditure of time and

2  resources only applies to the Government, in Sampson the court was addressing the plaintiff's

3  allegation that she might be deprived of income for an indefinite period of time.  Sampson, 415

4  U.S. at 89.  Therefore, the Court rejects Defendant's argument that the cases citing the

5  expenditure of time and resources is not irreparable injury are limited to the Government.

> However, in Sampson, the Court did state,
> The key word in this consideration is irreparable.  Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.  The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

10  Id., at 90 (quoting Virginia Petroleum Jobbers Assn., 104 U.S. App. D.C. at 110).

11       Defendant argues that if the stay is not granted, he would be unable to be reimbursed for

12  the costs and time expended in attending the Multi-Offender DUI Course and his ten day

13  sentence will have been served.  Accordingly, the Court finds that Defendant has demonstrated

14  that he will suffer irreparable injury if the motion to stay is denied.  However, the Court does not

15  additionally find "either: (a) a strong likelihood of success on the merits and that the public

16  interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the

17  balance of hardships tips sharply in the petitioner's favor."  Leiva-Perez, 640 F.3d at 970.

18       **C.    Effect on Opposing Party and the Public Interest**

19       Defendant argues that the factors of how the stay would affect the opposing party and the

20  public interest weigh in favor of granting the stay.  Defendant contends that the public has an

21  interest in ensuring that federal criminal convictions are supported by sufficient evidence and in

22  ensuring that criminal defendants are afforded judicial review before being irreparably harmed

23  by a sentence they have challenged.  Further, Defendant asserts that since he is not detained the

24  government incurs no expense while he is seeking judicial review of his sentence.  (Mot. 4.)

25       The Government responds that the public has a compelling interest to promote public

26  safety and public safety would be promoted by placing Defendant, who has three DUI

27  convictions and a fourth alcohol related offense, into custody while requiring him to take the

28  Multi-Offender DUI program.  The Government contends that this sentence was designed to

promote the purposes of 18 U.S.C. § 3553(a), deterring criminal conduct by Defendant, protecting the public from further crimes by Defendant, while providing him with treatment which helps to promote the other factors.  (Opp. 6.)

Defendant replies that the conduct in this case occurred nearly three years ago, and he has been out of custody without the government raising a concern of public safety and without any harm to the public occurring.  Defendant asserts that his alcohol related offenses occurred more than thirty years ago and a stay during the pendency of this appeal will likely be much shorter than either of these periods of time.  Further, Defendant argues that his driver's license will remain suspended unless his conviction is overturned, or he completes the appropriate DUI class.  Therefore, Defendant contends that any concern over public safety is already mitigated by the State's administrative procedures following a DUI conviction.  (Reply 5.)

Under these two merged factors, Defendant argues that the public has an interest in ensuring that federal convictions are supported by substantial evidence.  However, Defendant has not included any facts or argument by which the Court could find that he has raised a substantial question regarding the conviction here.  Defendant also argues there is a public interest in ensuring that criminal defendants are afforded judicial review of their convictions and sentences.  Although there is some merit to the concern of criminal sentencing, admittedly a likely greater concern than most civil appeals, the desire for correct legal decisions is inherent in any matter that is appealed, and the Court does not find it to override the public's interest weighing the stay in this matter.

As the Government argues the Ninth Circuit has held that the public has a compelling interest in promoting public safety.  Duncan v. Bonta, 83 F.4th 803, 807 (9th Cir. 2023).  Courts have long addressed the strong public interest in the harm caused by driving under the influence.

> No one can seriously dispute the magnitude of the drunken driving problem or the States' interest in eradicating it.  Media reports of alcohol-related death and mutilation on the Nation's roads are legion.  'The anecdotal is confirmed by the statistical.  '"Drunk drivers cause an annual death toll of over 25,000 and in the same time span cause nearly one million personal injuries and more than five billion dollars in property damage."  4 W. LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 10.8(d), p. 71 (2d ed. 1987).  For decades, this Court has "repeatedly lamented the tragedy."  South Dakota v. Neville, 459 U.S. 553, 558, 103 S.Ct. 916, 920, 74 L.Ed.2d 748 (1983); see Breithaupt v. Abram, 352

U.S. 432, 439, 77 S.Ct. 408, 412, 1 L.Ed.2d 448 (1957) ("The increasing slaughter on our highways ... now reaches the astounding figures only heard of on the battlefield").

Michigan Dep't of State Police v. Sitz, 496 U.S. 444, 451 (1990); see also Mackey v. Montrym, 443 U.S. 1, 17 (1979) (states have an interest in removing drunken drivers from their highways); Birchfield v. North Dakota, 579 U.S. 438, 465 (2016) (states "have a compelling interest in creating effective 'deterrent[s] to drunken driving';  so such individuals make responsible decisions and do not become a threat to others in the first place"); Aiona v. Judiciary of State of Hawaii, 17 F.3d 1244, 1249 fn. 7 (9th Cir. 1994) ("the state does have an important state interest in keeping drunk drivers off the road").

The Government argues that public safety would be promoted by placing Defendant, an individual with three convictions for driving under the influence and another alcohol related conviction, in custody and requiring him to take a Multi-Offender DUI program.  The Government contends that the sentence is designed to promote the purposes of 18 U.S.C. § 3553(a); deterring criminal conduct by Defendant, protecting the public from further crimes by Defendant, while also providing him with treatment which helps to promote the other factors. Defendant replies that he has been out of custody for nearly three years without any concerns being raised as to public safety and without harm to the public occurring.

The Court has found that Defendant has two prior convictions for drunk driving and a conviction for disorderly conduct that was alcohol related, although these convictions were in the 1990s.  (Criminal History Report 2, ECF No. 53.)  As relevant to the trial in this action, the Court found that Defendant admitted he was driving the motor vehicle; attempted to make an improper U-turn on the main highway in the National Park in an area with a double yellow line signifying there was no passing, changing lanes or ability to make a U-turn; his rear tires were off the road and down the embankment, his front tires were off the pavement, and the vehicle was hanging over the embankment; he was under the influence of alcohol with a BAC of at least 0.10 grams per 100 milliliters of blood; and the highway had a decent volume of traffic as demonstrated by the video and the vehicles passing by during the investigation.  (Audio of February 15, 2024

1   Hearing 11:22:45-11:29:05.)   As the Government argues public safety would be promoted by

2   placing Defendant in custody and requiring him to take the Multi-Offender DUI Program.

3       **D.**    **Conclusion**

4       Defendant argues that his motion should be granted because he has shown irreparable

5   injury.   However, the Ninth Circuit has held that the party seeking the stay "must show that

6   irreparable harm is probable **and either**: (a) a strong likelihood of success on the merits and that

7   the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits

8   and that the balance of hardships tips sharply in the [movant's] favor."   Leiva-Perez, 640 F.3d at

9   970 (emphasis added).

10       Here, while Defendant has shown the possibility of irreparable injury, he has not shown

11   that he has a strong likelihood of success on the merits and that the public interest weighs in

12   favor of a stay.   Further, Defendant has not shown a substantial case on the merits and that the

13   balance of the hardships tip sharply in his favor.   Accordingly, the Court denies Defendant's

14   motion for a stay of the sentence.

15   **IV.**

16   **CONCLUSION AND ORDER**

17       For the reasons discussed, Defendant has not met his burden of demonstrating that, even

18   if irreparable harm is probable, there is either: (a) a strong likelihood of success on the merits and

19   that the public interest does not weigh heavily against a stay; or (b) a substantial case on the

20   merits and that the balance of hardships tips sharply in the [his] favor."   Leiva-Perez, 640 F.3d at

21   970.

22       Accordingly, IT IS HEREBY ORDERED that Defendant's motion to stay his sentence

23   pending appeal is DENIED.

24

25   IT IS SO ORDERED.

26   Dated:   __**May 21, 2024**__

                                                      UNITED STATES MAGISTRATE JUDGE

27

28